

CLERK, U.S. BANKRUPTCY COURT
DISTRICT OF OREGON
SEP 16 2004
LODGED____ PAID____ REC'D____ DOCKETED____

# United States Bankruptcy Court
# for the District of Oregon

**Albert E. Radcliffe, Chief Judge**     151 West Seventh Avenue, Suite 300    (541) 465-6802
Virginia H. Denney, Judicial Assistant    Post Office Box 1335    FAX: (541) 465-6899
Howard J. Newman, Law Clerk    Eugene, Oregon 97440

September 14, 2004

Ms Carolyn Wade
Hershner, Hunter
PO Box 1475
Eugene, OR 97440

Mr. Lee Hess
1000 S. W. Broadway, Suite 1780
Portland, OR 97205

RE:    ERIC R. T. ROOST v. DAIMLERCHRYSLER SERVICES NORTH AMERICA, LLC
       Adversary Proceeding No. 04-6011-aer
       Trial on Stipulated Facts

Counsel:

This letter is intended to announce my findings of fact and conclusions of law in the above-referenced matter.

The matter at bar is an avoidance suit brought by the trustee relating to a security interest in a vehicle. The case is before me for trial on Amended Stipulated Facts. The parties have waived oral argument, and have each submitted opening, response and reply briefs. The matter is ripe for decision.

For factual findings, I incorporate the Amended Stipulated Facts.

<u>Avoidance of the Security Interest</u>:

Plaintiff has pled and argued that the post-petition perfection of Defendant's security interest is avoidable [1] under 11 U.S.C. § 549.[2] Section 549 operates to avoid unauthorized postpetition sales or other transfers of estate property by the debtor. <u>Schwartz v. U.S., (In Re Schwartz)</u>, 954 F.2d 569 (9th Cir. 1992). Here, Plaintiff asserts the post petition perfection of the

---

[1] There is much in the briefs devoted to the merits of defenses under 11 U.S.C. § 547(c). However the complaint makes no mention of § 547, and in his opening brief Plaintiff denies he is making a claim thereunder. As such, I will not consider the merits of a § 547 claim or any defenses thereto.

[2] Unless otherwise noted, all subsequent statutory references are to Title 11 of the United States Code.

security interest was a transfer.[3] There is 9th Circuit authority (in dicta) that perfection of a security interest constitutes a "transfer" of a security interest, <u>Sulmeyer v. Suzuki</u>, *(In Re Grand Chevrolet, Inc.)*, 25 F.3d 728 (9th Cir. 1994). The court appears to have followed the <u>Grand Chevrolet</u> dicta in the § 549 context. <u>Roost v. GreenTree</u> *(In Re Stoerck)*, 227 B.R. 548 (Bankr. D. Or. 1998). Thus, there is authority for analyzing the case under § 549. However, it appears more appropriate to apply §§ 362(a)(4) and 544(a)(1). The <u>Grand Chevrolet</u> dicta was announced in the context of discussing preferences, where under § 547(e)(2), perfection does mark the date of a transfer of a security interest. Section 549 contains no similar provision. Further, the 9th Circuit has held that transfers of liens are not "transfers" <u>for purposes of § 549</u> (as opposed to prepetition transfers). <u>Phoenix Bond & Indemnity Co. v. Shamblin</u>, *(In Re Shamblin)*, 890 F.2d 123, 127 (f.n.#7) (9th Cir. 1989) (further holding § 362(a)(4)[4] provides protection against postpetition creation of liens); <u>see</u> also, <u>Hymas v. American Gen Finance, Inc.</u> *(In Re Chase)*, 2000 WL 33712297 (Bankr. D. Id. 2000) (comparing §§ 362(a)(4) & 549).

As noted above, § 362(a)(4)[5] works to void the post-petition perfection of liens. In that regard, Defendant has raised § 362(b)(3). That section provides an exception to the automatic stay:

1) to the extent the trustee's rights and powers are subject to perfection under § 546(b); or
2) to the extent perfection is accomplished within the period provided under § 547(e)(2)(A).

---

[3] Section 101(54) defines "transfer" as:

> [E]very mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with property or with an interest in property, including retention of title as a security interest and foreclosure of the debtor's equity of redemption.

[4] Section 362(a)(4) prohibits "any act to create, <u>perfect</u>, or enforce any lien against property of the estate." (emphasis added).

[5] Although § 362(a)(4) has not been formally pled as a theory of avoidance, it has been briefed, and Defendant has responded to the argument by asserting a § 362(b)(3) defense. Therefore, there is no harm in allowing the pleadings to be amended consistent therewith. <u>See,</u> <u>Roost v. TMCC</u> *(In Re Moon)*, 262 B.R. 97 (Bankr. D. Or. 2001).

  Defendant argues the second exception applies. Section 547(e)(2)(A)[6] gives a 10 day window to perfect from the time a transfer (here, the security interest) <u>takes effect</u> between the transferor and transferee.

  To determine when Defendant's security interest took effect (i.e. attached),[7] I look to state law. To have an enforceable security interest, ORS 79.0203(1) & (2) require:

  1) an authenticated (i.e. signed-ORS 79.0102(1)(g)(A)) security agreement describing the collateral; ( here, executed on 7/7/04, backdated to 6/<u>30</u>/03 (as evidenced by the installment contract itself, attached as Ex. 4 to the Amended Stipulated Facts);
  2) value given by the lender; and
  3) rights in the collateral by the borrower.

  Defendant in essence argues the Amended Stipulated Facts don't reveal when prong #2 (value by the lender) was satisfied, accordingly, there is a failure of proof by Plaintiff, therefore the stay exception applies. There appears to be a split as to who has the burden of proof as to the existence of an exception to the stay under §362(b). <u>Compare</u>, <u>Westman v. Andersohn et. al.</u>, *(In Re Westman)*, 300 B.R. 338 (Bankr. D. Minn 2003) (creditor has the burden of proving an exception), <u>with</u>, <u>Marshall v. International Formal Wear, Inc.</u>, 1980 WL 2096 (S.D. Ga. 1980) (debtor had the burden to show § 362(b)(5)'s inapplicability). I believe the better rule is that the party asserting the exception has the burden. Otherwise, a party seeking to void an act in violation of the stay would have to prove a negative, that is, that an exception does not exist. Defendant apparently concedes the Amended Stipulated Facts provide no proof of prong #2. Therefore the defense must fail.[8]

  Avoidance of post-petition perfection, leaves Defendant with an unperfected security interest as of the petition date. Under § 544(a)(1), Plaintiff may use the state law powers of a lien creditor, see ORS 79.0102(1)(zz)(C), and assert priority over unperfected interests under

---

[6] Section 547(e)(2)(A) provides in relevant part:

> For the purposes of this section ... a transfer is made--
> at the time such transfer takes effect between the transferor and the transferee, if such transfer is perfected at, or within 10 days after, such time, except as provided in subsection (c)(3)(B).

  As noted therein, this subsection is subject to the provisions of the enabling loan defense of §547(c)(3), which Defendant denies is applicable.

[7] It is undisputed that "perfection" took place on August 28, 2003, when the DMV stamped the Application for Title with Defendant indicated as security interest holder. ORS 803.097.

[8] Even assuming arguendo that the Amended Stipulated Facts show when value was given, such proof does not aid Defendant. Here, as in most vehicle transactions, the financing document, (the installment contract) was originally between the dealer (Lithia) and the debtors/buyers. Thus Lithia was the original secured party, later transferring/assigning its rights to Defendant. Here, Lithia gave value on July 7, 2003, when it financed the purchase. Perfection occurred long after the 10 days had run. Even if one measures "value" from when <u>Defendant</u> paid Lithia for the assignment, Exhibit 4 to the Amended Stipulated Facts indicates the assignment was on July 14, 2003. The "assignment" itself states it was "for value received." Under any scenario, perfection occurred more than 10 days after Defendant's security interest attached; the § 362(b)(3) exception does not apply; and thus perfection is avoidable under § 362(a)(4).

ORS 79.0317(1)(b).[9] Bullock v. Roost, *(In Re Gold Key Properties, Inc.)*, 119 B.R. 787 (Bankr. D. Or. 1990); see, generally, Neilson v. Chang et. al., *(In Re First T.D. & Investment, Inc.)*, 253 F.3d 520 (9th Cir. 2001).[10]

In light of the above, whether analyzed under § 549 (as interpreted in Green Tree, supra) or §§ 362(a)(4) and 544(a)(1), the transfer of the security interest in the subject vehicle is avoidable.

Postpetition Payments:

Plaintiff has made claim under § 548 for judgment in the amount of postpetition payments received by Defendant. See Claim #2 of Complaint. The Amended Stipulated Facts at ¶ 15 note Defendant received 5 payments postpetition totaling $1,329.04.

At the outset, I note § 548 concerns fraudulent pre-petition transfers. It has nothing to do with the post petition payments at bar. However, Plaintiff's opening brief at 2:5-6 cites § 542 as grounds for turnover of these payments, and at 4:5-10 argues that Defendant's acceptance of these payments is a conversion of estate funds. Assuming I consider a § 542 and/or conversion theory of recovery, the issue is whether the estate has an entitlement to these payments; that is, whether they are estate property.

The Amended Stipulated Facts don't reveal the source of the payments. As such, I can eliminate readily, based on a failure of proof, one theory of recovery, that is, that the payments were from prepetition assets. Assuming arguendo that I infer the payments came either from a third party or from debtor's postpetition assets, Plaintiff offers only conclusory argument and no supporting authority as to why these payments should be considered estate property. Of the authority the court is aware of, none cuts Plaintiff's way. See, e.g., Morris v. Vulcan Chemical Credit Union, *(In Re Rubia)*, 257 B.R. 324 (10th Cir. B.A.P. (Kan.) 2001), aff'd, 23 Fed. Appx. 968, 2001 WL 1580933 (10th Cir. 2001) (Circuit opinion not selected for publication in the Federal Reporter); In Re Closson, 100 B.R. 345 (Bankr. S.D. Ohio 1989); Kelley v. Chevy Chase Bank, *(In Re Smith)*, 236 B.R. 91 (Bankr. M.D. Ga. 1999). Based on the above, Plaintiff's claim to the postpetition payments will be dismissed with prejudice.

---

[9] Article 9's priority rules apply here. The exclusive means of perfecting a security interest in a vehicle is by application for notation of the interest on the title, ORS 803.097(1), the date stamp being the operative date. ORS 803.097 (3). However, ORS 803.100(1) provides that the UCC governs all other issues concerning the rights of persons in vehicles subject to security interests, (except for relation back of non-purchase money security interests, see ORS 803.100(2)-Defendant does not argue the applicability of this statute. However, even if applicable, it only provides a 20 day relation-back window for non-purchase-money security interests to defeat intervening lien creditors. Here, as discussed above, by any scenario, more than 20 days elapsed between attachment and perfection.)

[10] Avoidance under § 544(a)(1) has not been specifically pled. However, the complaint's prayer asks for a declaration "that the Plaintiff's claim to the vehicle has priority over the claim of security of Defendant." Further, in Plaintiff's opening brief at 3:19, after arguing the security interest was not properly perfected, Plaintiff states: "[a]s a consequence, Defendant DCS' interest is unperfected and void." This is sufficient to put Defendant on notice for FRCP 8's (made applicable by FRBP 7008) requirements, and in any case, warrants amendment of the pleadings under FRCP 15 (made applicable by FRBP 7015). Furthermore, from a review of the briefs, it appears that although Plaintiff does not specifically argue § 544(a)(1), Defendant nevertheless concedes the estate has priority if the security interest is rendered unperfected.

Ms Wade & Mr. Hess
September 14, 2004
Page-5

Conclusion:

Plaintiff is entitled to a judgment avoiding Defendant's security interest in the 2000 Saturn. Defendant is entitled to a judgment, dismissing with prejudice, Plaintiff's claim to the postpetition payments. Each side will bear their own costs and disbursements.

The above constitute my findings of fact and conclusions of law under FRBP 7052; they shall not be separately stated. A judgment consistent with the above will be entered.

Very truly yours,

ALBERT E. RADCLIFFE
Chief Bankruptcy Judge

AER:vhd